J-S65019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAMIN AZEEZ GRAY, | |
| Appellant | No. 1998 WDA 2015 |

Appeal from the PCRA Order of November 16, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011686-2006

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 17, 2016**

Appellant, Hamin Azeez Gray, appeals from the order entered on November 16, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On October 17, 2007, following a bench trial, the trial court found Appellant guilty of two counts of possession with intent to deliver (PWID), two counts of possession of a controlled substance, receiving stolen property, persons not to possess a firearm,  and possession of a firearm with an altered manufacturer's number.[1]  On January 15, 2008, the trial court

_____

[1] 35 P.S. §§ 780-113(a)(30) and 780-115(a)(second or subsequent offense), 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. §§ 3925, 6105, and 6110.2, respectively.

*Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to a mandatory minimum sentence of five to ten years of imprisonment pursuant to 42 Pa.C.S.A. § 9712.1 (sentences for certain drug offenses committed with firearms), plus a consecutive term of five years' probation. On June 9, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Gray*, 981 A.2d 312 (Pa. Super. 2009) (unpublished memorandum). On October 15, 2009, our Supreme Court denied further review. *Commonwealth v. Gray*, 982 A.2d 64 (Pa. 2009).

On November 3, 2014, Appellant filed a *pro se* PCRA petition. On November 14, 2014, the PCRA court appointed counsel to represent Appellant. PCRA counsel filed an amended PCRA petition on January 29, 2015. The PCRA court held an evidentiary hearing on June 23, 2015. By order entered on November 16, 2015, the PCRA court denied Appellant relief. This timely appeal resulted.[2] On appeal, Appellant presents the following issues for our review:

I.  Did the [PCRA] court err or abuse its discretion in dismissing the PCRA matter involving an unconstitutional and illegal, mandatory sentence imposed on Appellant, because Appellant is entitled to relief in the form of a new sentencing hearing not utilizing the mandatory minimums held to be illegal?

---

[2] Appellant filed a notice of appeal on December 16, 2015. Upon review of the record, it does not appear that the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Regardless, Appellant filed a Rule 1925(b) concise statement on March 24, 2016. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on April 7, 2016.

II. Did the [PCRA] court err or abuse its discretion in dismissing the PCRA matter involving an illegal and mandatory sentence imposed on Appellant, because the rulings in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), **Commonwealth v. Newman**, 99 A.3d 801 (Pa. Super. 2014), and **Commonwealth v. Ferguson**, 107 A.3d 206 (Pa. Super. 2015) constitute a substantive "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," requiring a retroactive application of [Appellant's] PCRA claim?

Appellant's Brief at 4.

Appellant's claims are inter-related, so we will examine them together. Appellant claims the PCRA court erred by dismissing his PCRA petition because he received a statutory mandatory minimum sentence and the United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013) entitled him to a new sentencing hearing. **Id.** at 9. Appellant asserts the PCRA court had jurisdiction to entertain his untimely petition and to examine the merits of his claims because they "involved the legality of Appellant's sentence and [] claim[s] involving the legality of a sentence cannot be waived." **Id.** at 10. In the alternative, Appellant argues, "the holding in **Alleyne** is a watershed rule and as such must be applied retroactively." **Id.** at 11.

We have determined:

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the

underlying PCRA petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Whitehawk***, 2016 WL 4473779, at *2 (Pa. Super. 2016).

Here, our Supreme Court denied review of Appellant's judgment of sentence on October 15, 2009. Thus, Appellant's judgment of sentence became final 90 days later, at the expiration of the time for review with the United States Supreme Court, on January 13, 2010. ***See*** U.S. Sup.Ct. Rule 13. Appellant's PCRA petition filed almost five years later on November 3, 2014 was, therefore, patently untimely under the PCRA.

Appellant asserts, however, that his claim implicates the legality of sentence and cannot be waived. However, we recently reiterated:

As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a **timely** filed PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Thus, an appellant must present

an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction. *See Fahy supra*, and *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (observing *Alleyne* does not invalidate a mandatory minimum sentence challenged in an untimely PCRA petition).

*Whitehawk*, *supra* at *3.

There are very limited exceptions under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). In his PCRA petition, Appellant asserted "a constitutional right that was recognized by the Supreme Court of Pennsylvania […] and has been held by that court to apply retroactively." PCRA Petition, 11/3/2014, at 3, *citing* 42 Pa.C.S.A. § 9545(b)(1)(iii). However, we recently stated

> neither our Supreme Court nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012). To the contrary, our Supreme Court recently filed an opinion in *Commonwealth v. Washington*, ––– A.3d ––––, 2016 WL 3909088 (Pa. July 19, 2016) wherein it addressed the retroactive effect of *Alleyne* and held "that *Alleyne* [*v. United States*, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),] does not apply retroactively to cases pending on collateral review. ..." *Id.* at *8.

*Whitehawk*, *supra* at *4.

Based upon all of the foregoing, Appellant's PCRA petition was untimely and not subject to exception. Our Supreme Court has concluded

*Alleyne* does not apply retroactively. The PCRA court, therefore, lacked jurisdiction to entertain Appellant's claims. As such, we discern no abuse of discretion or error of law in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2016